**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YAN JIANG,

               Petitioner,

    v.

ERIC H. HOLDER Jr., Attorney General,

               Respondent.

No. 07-72203

Agency No. A098-903-110

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    Yan Jiang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and review de novo claims of due process violations, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Jiang's asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam) (exercising jurisdiction to consider one-year bar where facts were undisputed). Accordingly, we dismiss Jiang's asylum claim.

Substantial evidence supports the agency's adverse credibility determination because Jiang testified inconsistently about when she began proselytizing, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (inconsistencies regarding matters that go to the heart of petitioner's claim support an adverse credibility determination), and her explanation for the inconsistencies does not compel a contrary conclusion, *see Lata*, 204 F.3d at 1245. Accordingly, we deny Jiang's withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Jiang has failed to set forth any substantive argument regarding the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Finally, we reject Jiang's contention that the BIA violated her due process rights by engaging in fact-finding because it is belied by the record and because she did not establish prejudice. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**